UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ROSLYN RUDDOCK, on behalf of herself     CASE NO.
and others similarly situated,

         Plaintiff,                **COMPLAINT**

       v.                    **FLSA COLLECTIVE ACTION AND
                                   RULE 23 CLASS ACTION**

ALL METRO HOME CARE SERVICES OF
NEW YORK, INC. d/b/a ALL METRO       **DEMAND FOR JURY TRIAL**
HEALTH CARE and ALL METRO FIELD
SERVICES WORKERS PAYROLL
SERVICES CO.,

         Defendants.
--------------------------------------------------------x

       Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

<u>JURISDICTION AND VENUE</u>

      1.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

      2.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

<u>THE PARTIES</u>

      3.     All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant All Metro Home Care Services of New York, Inc. is a New York corporation that owns and operates All Metro Health Care, which provides home health care and related services.

5.      Defendant All Metro Field Service Workers Payroll Services Corporation is a Delaware corporation that is identified as Plaintiff's employer on her paychecks.

6.      Defendants have the same chief executive officer, David Middleton.

7.      Defendants have the same principal executive office location: 70 East Sunrise Highway, Suite 520, Valley Stream, New York 11581.

8.      Upon information and belief, each Defendant has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales in excess of $500,000.

9.      Plaintiff Roslyn Ruddock is a Virginia resident who has been employed by Defendants as a consumer directed personal aide since approximately 2015.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Defendants' employees who have provided personal or home care services to Defendants' clients on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to

pay them at the legally required minimum wage and overtime rate for all hours worked.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.     Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all Defendants' employees who have provided personal or home care services to Defendants' clients at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

15.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

16.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime and failing to give proper wage notices.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender.  Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)      Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b)      Whether Defendants' policy and practice of paying Plaintiff and the Class members for only thirteen (13) hours of work when Class members work a 24-hour shift that requires them to remain in the clients' home and "on call" throughout the 24-hour shift violates the requirements of NYLL minimum wage and overtime provisions.

c)      Whether all time worked by Plaintiffs and the Class members during 24-hour shifts is compensable work time for purposes of NYLL minimum wage and overtime provisions.

d)      If all time during Plaintiff's and the Class members' 24-hour shifts is not compensable, what standard should be used to determine the portion of the shift that is compensable under NYLL minimum wage and overtime provisions.

e)      At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

f)      Whether Defendants properly compensated Plaintiff and Class members for minimum wage.

g)      Whether Defendants properly compensated Plaintiff and Class members for overtime.

h)      Whether Defendants properly compensated Plaintiff and Class members for a spread of hours premium.

i)      Whether Defendants provided Plaintiff and Class members with the proper

wage notices.

j)      Whether Defendant Elite HHC LLC is a certified home health agency,

long term home health care program and/or managed care plan as defined by the

NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c.

k)      Whether Plaintiff and the Class members are "home care aides" as that

term is defined in the NY Home Care Worker Wage Parity Act, N.Y. Public

Health Law § 3614-c.

l)      Whether Plaintiff and the Class members worked on "episodes of care" as

direct employees of Defendants as that term is defined by the NY Home Care

Worker Wage Parity Act, N.Y. Public Health Law § 3614-c.

n)      Whether from March 31, 2011 onwards, Defendants paid Plaintiff and the

Class members the "minimum rate of home care aide total compensation" as that

term is defined by the NY Home Care Worker Wage Parity Act, NY Public

Health Law § 3614-c.

q)      Whether Defendant kept true and accurate time records for all hours

worked by Plaintiff and the Class members, as required by NYLL §§ 195 and 661

and 12 NYCRR § 142-2.6.

## FACTS

21.    Plaintiff's Consent to Sue form is attached as Exhibit A.

22.    Defendants committed the following alleged acts knowingly, intentionally and

willfully.

23.    Plaintiff has worked for Defendants as a consumer directed personal aide from

approximately late 2015.

24.     Plaintiff's duties include providing personal home health care and assistance to Defendants' clients in those clients' homes.

25.     Plaintiff maintains her own residence and does not reside in the homes of Defendants' clients or Defendant.

26.     Plaintiff has typically worked 24 hour shifts while working for Defendants.

27.     Plaintiff currently works 24 hours per day, four days per week.  At other times during Plaintiff's employment with Defendants, she has worked 24 hours a day, seven days in a row (with the seven days falling over two workweeks, with three days in one workweek and four days in the next) and then had the next seven days off.

28.     Other home health aides employed by Defendants have told Plaintiff that they work 24 hour shifts and maintain their own residences.

29.     At times during Plaintiff's employment, Defendants have paid her a daily rate with no additional overtime premium.

30.     At other times, Defendants have paid Plaintiff an hourly rate.

31.     Although Plaintiff works 24-hour shifts, when Defendants have paid Plaintiff an hourly rate they have paid her for only thirteen (13) hours of each 24-hour shift.

32.     For example, the week starting June 26, 2017, Defendants paid Plaintiff an hourly rate of $10 for 39 hours, or 13 hours for each of three shifts, rather than paying her for three 24-hour shifts, or 72 hours.

33.     Since Plaintiff maintains her own home and does not reside with Defendants' clients, Plaintiff was entitled to be paid for every hour of each 24-hour shift that Plaintiff worked instead of just thirteen (13) hours.

34.     Further, on some occasions when Plaintiff has worked a 24-hour shift, she has not had five (5) hours of uninterrupted sleep because a client has needed assistance during the night. In Plaintiff's current assignment, this happens approximately two or three times a month. Defendants do not pay Plaintiff any additional compensation when this happens.

35.     During her 24-hour shifts, Plaintiff may not leave her client's home without the client.  Defendants require Plaintiff to be in the client's home or with the client throughout the 24 hour shifts so that he is ready and available to provide assistance as needed.

36.     As set forth above, Plaintiff's workdays regularly lasted longer than 10 hours.

37.     However, Plaintiff did not receive a "spread of hours" premium of an extra hour at the minimum wage rate for workdays lasting longer than ten (10) hours.

38.     Defendants did not provide Plaintiff with the appropriate notices under New York Labor Law § 195.  Defendants did not provide Plaintiff with a wage notice when she was hired, and her pay statements do not reflect her actual hours worked.

39.     Upon information and belief, during her employment with Defendants, Plaintiff has served patients whose care is covered by Medicaid.

40.     Defendants have paid Plaintiff less than the rates required under New York's Wage Parity law, even though she has served Medicaid patients.  For example, from at least June to August 2017, Defendants paid Plaintiff a regular hourly rate of $10, even though they were required to pay her a regular rate of $13.22, as they did not provide Plaintiff with any supplemental wages in the form of benefits.

41.     Defendants have never provided Plaintiff with any employment benefits, such as health insurance, education benefits, pension benefits, or 401(k) contributions.

42.     Defendants have never provided Plaintiff with any paid time off.

43.     Defendants committed the foregoing acts against Plaintiff, the FLSA Collective, and the Class Members.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought By Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45.     At all relevant times, Defendants have been, and continue to be,  "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]" including Plaintiff and the FLSA Collective Plaintiffs.

46.     Throughout the relevant statute of limitations period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

47.     Plaintiff, on behalf of herself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

48.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

50.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rates or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff and FLSA Collective Plaintiffs had been entitled to overtime.

51.     Plaintiff, on behalf of herself the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime wages, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

52.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53.     Throughout the relevant statute of limitations period, Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

54.     Plaintiff, on behalf of herself and members of the Class, seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated damages as provided by the New York Labor Law for minimum wage violations, pre- and post-judgment interest,

attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.2)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

55.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56.      It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57.      Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the greater of their regular rates or the full New York minimum wage for hours worked in excess of forty (40) per workweek.

58.      As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,**
**N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.4)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

59.      Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60.      Throughout the relevant statute of limitations period, Plaintiff's and the Class members' workdays regularly lasted more than ten (10) hours.

61.     Throughout the relevant statute of limitations period, Defendants willfully and intentionally failed to compensate Plaintiff and the Class members one hour's pay at the basic New York minimum hourly wage rate when Plaintiff's and the Class member's workdays lasted more than ten (10) hours, as required by New York law.

62.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

63.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64.     Defendants did not provide Plaintiff and members of the Class with the notices required by N.Y. Lab. Law § 195.

65.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SEVENTH CLAIM FOR RELIEF
**(Breach of Contract)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

66.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

67.     Upon information and belief, from March 31, 2011 onwards, Defendant was required to certify and did certify that it paid Plaintiffs and the Class members wages as required by the NY Home Care Worker Wage Parity Act, NY Public Law § 3614-c.

68.     Upon information and belief, from 2003 onwards, Defendant was required to certify and did certify that it paid its wages and supplemental benefits as required by New York City's Fair Wages for Workers Act and as set by the Comptroller of the City of New York and incorporated by reference in the contracts with governmental instrumentalities.

69.     Upon information and belief, Defendant entered into contracts with government agencies to pay Plaintiff and the Class members wages as required by the NY Home Care Worker Wage Parity Act, NY Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act.

70.     The agreements to pay Plaintiff and the Class members as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act were made for the benefit of Plaintiff and the Class members.

71.     Defendant breached its obligation to pay Plaintiff and the Class members all wages they were due as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act by failing to pay Plaintiff and the Class members for each hour worked and failing to pay the required total compensation for each hour worked, and as a result Plaintiff and the Class members were injured.

72.     Plaintiff and the Class members, as third party beneficiaries of Defendant's contracts with government agencies to pay wages as required by the NY Home Care Worker Wage Parity Act, N.Y. Public Health Law § 3614-c, and New York City's Fair Wages for Workers Act, are entitled to relief for the breach of this contractual obligation plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and

members of the Class, prays for relief as follows:

A.   Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.   Designation of this action as a class action pursuant to F.R.C.P. 23.

D.   Designation of Plaintiff as Representative of the Class.

E.   An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.   Penalties available under applicable laws;

G.   Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

I.   Pre-judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York             Respectfully submitted,
          January 3, 2018


                       By: /s/ Denise A. Schulman
                          D. Maimon Kirschenbaum
                          Denise A. Schulman
                          JOSEPH & KIRSCHENBAUM LLP
                          32 Broadway, Ste 601
                          New York, NY 10004
                          Tel: (212) 688-5640
                          Fax: (212) 688-2548

                          *Attorneys for Named Plaintiff,*
                          *proposed FLSA Collective Plaintiffs,*
                          *and proposed Class*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.