# Exhibit 1

## Settlement Agreement

Agreement by and among Roslyn Ruddock ("Plaintiff") residing at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on the one hand, and All Metro Home Care Services Of New York, Inc. d/b/a All Metro Health Care and All Metro Field Services Workers Payroll Services Co. (jointly the "Defendants"):

1. Plaintiff has made claims of breach of contract and claims for unpaid wages and record keeping violations under the federal Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law and regulations promulgated thereunder ("NYLL"), the New York Public Health Law including, but not limited to §3614-c thereof ("NYPHL") and the New York City Fair Wages For Worker's Act ("NYCFWWA") in a lawsuit captioned *Roslyn Ruddock, individually and on behalf of those similarly situated v. All Metro Home Care Services Of New York, Inc. d/b/a All Metro Health Care and All Metro Field Services Workers Payroll Services Co.* currently pending in the United States District Court for the Eastern District of New York bearing Case No.: 18-CV-00024 (JMA, ARL) (the "Lawsuit"). Plaintiff has not made any application to the Court for conditional or other certification of the purported class.

2. Plaintiff and her counsel have evaluated the claims asserted by Plaintiff in this Lawsuit against Plaintiff's payroll records and timesheets which were supplied to Plaintiff and her counsel by Defendants and those already in Plaintiff's possession and Plaintiff is satisfied and certifies to the Court that payment to Plaintiff and her attorneys of the Total Settlement Payment set forth elsewhere in this Agreement is a reasonable compromise of her claims under the FLSA, NYLL, NYPHL and NYCFWWA including but not limited to: (a) the number of hours actually worked by Plaintiff and compensable to her; and (b) all straight time and overtime wages which were due to her from Defendants for all hours worked by her through the date of Plaintiff's execution of this Agreement; and (c) all record keeping, provision of individual notices required under the FLSA and NYLL including, but not limited to *Notice and Acknowledgement of Wage Rate(s) Under Section 195.1 of the New York State Labor Law*, and all notice posting requirements. On the basis thereof, Plaintiff and the Defendants have reached a negotiated and final resolution of the Lawsuit and all claims that were or could have been asserted in the Lawsuit for a total settlement amount of Twenty Five Thousand Dollars ($25,000) (the "Total Settlement Payment") which amount includes payment to Plaintiff of claimed back wages with respect to payment for an additional hour for such days when she was paid for 12 hours instead of 13 hours, spread of hours payments under the NYLL, liquidated damages, statutory penalties under the NYLL and attorneys' fees, costs and expenses due to Plaintiff's attorneys Joseph & Kirschenbaum LLP located at 32 Broadway, Suite 601, New York, New York 10004. Payment of the Total Settlement Payment is subject to and conditioned upon satisfaction of each and all of the terms and conditions set forth below:

A. Approval ("So Ordered") by the Court of this Settlement Agreement pursuant to the proposed Consent Order Dismissing this Lawsuit with Prejudice, or any other Order by the Court approving the settlement and dismissing the case with prejudice; and

B. Execution of this Settlement Agreement by Plaintiff and Defendants and delivery of same to counsel for Defendants; and

C. Delivery of a letter from Joseph & Kirschenbaum LLP to counsel for Defendants signed by a member/partner of that firm stating that payment to Joseph & Kirschenbaum LLP of the sum set forth in this Settlement Agreement constitutes full compensate for the representation of Plaintiff in the Lawsuit and the negotiation of the terms of settlement and of this Settlement Agreement and that it is not entitled to and will not seek any additional legal fees or expenses from Defendants.

3. Plaintiff understands that provided this settlement is approved by the Court and provided that all of the other provisions in this Settlement Agreement are satisfied, Defendants will deliver the following checks to Joseph & Kirschenbaum LLP within ten (10) calendars days after satisfaction of the later of ¶¶ 2(A), (B) and (C), above: (A) one check in the sum of Five Thousand Seven Hundred Dollars ($5,700.00) less applicable payroll tax deductions by check made payable to the order of Roslyn Ruddock representing representing alleged unpaid wages; (B) a second separate check in the sum of Ten Thousand Seven Hundred Dollars ($10,700.00) by check made payable to the order of Roslyn Ruddock representing liquidated damages and alleged notice violations; (C) a third separate check made payable to the order of Joseph & Kirschenbaum LLP in the amount of Eight Thousand Six Hundred Dollars ($8,600.00) as and for its attorneys' fees, costs and expenses. Defendants will issue appropriate IRS W-2 and 1099 forms in connection with payment of the Total Settlement Payment and Joseph & Kirschenbaum LLP will provide Defendants with a completed IRS W-9 form in advance of delivery of the Settlement Sum.

4. In consideration for the foregoing, the Plaintiff, on behalf of herself and her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably WAIVE, RELEASE and FOREVER DISCHARGE the Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (together the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or

unsuspected from the beginning of Plaintiff's employment with Defendants to the date of the Plaintiff's execution of this Agreement arising under (i) contract with respect to wages and compensation; (ii) the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations; (iii) the New York Labor Law including, but not limited to §§ 195, 198, 650, 663 and related regulations promulgated thereunder by the NYS Commissioner of Labor; (iv) the New York Public Health Law including, but not limited to § 3614-c thereof; (v) the New York City Fair Wages For Worker's Act; (vi) all claims for failure to provide required wage notices and/or wage statements, (vii) and all claims for liquidated damages, interest, costs, expenses and attorneys' fees in connection with the foregoing claims (except as otherwise provided in this Agreement).

5. Plaintiff further acknowledges and agrees that in the event any charge, complaint, action or proceeding was or is filed on behalf of Plaintiff in any agency, court or other forum against one or more of the Releasees based on any conduct released herein from the beginning of the world up to and including the date of this Agreement, Plaintiff waives any right of recovery thereunder and will not accept any award, recovery, settlement or relief therefrom and, if she is a member of any class certified by any Court, she will opt out of participation in any such action or proceeding.

6. Plaintiff agrees and acknowledges that Defendants' entry into this Settlement Agreement is not to be construed as, and is not, an admission that Defendants, or either of them, violated any legal duty or obligation owed to Plaintiff.

7. The construction, interpretation, performance and enforcement of this Settlement Agreement shall be governed by the internal laws of the State of New York with respect to contracts made, negotiated, entered into and performed within the State of New York without regard to conflict of law rules. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement.

8. This Settlement Agreement contains the entire agreement between Defendants and Plaintiff, and it completely supersedes any prior or contemporaneous written or oral agreements, promises, undertakings or representations concerning the subject matter of the Lawsuit. Any oral representation or modification concerning this Settlement Agreement shall be of no force or effect. This Settlement Agreement may not be altered, amended, modified, superseded, cancelled or terminated except by an express written agreement duly executed by all of the parties, which makes specific reference to this Settlement Agreement and is conditioned upon approval by the Court.

9. Plaintiff acknowledges and agrees that: (a) no promise or inducement for this Settlement Agreement has been made to her except as set forth in this Settlement Agreement; (b) this Settlement Agreement is executed by her freely and voluntarily, and without reliance upon any statement or representation by Defendants other than as set forth herein; (c) she has read and fully understands this Settlement Agreement and the

meaning of its provisions has been explained to her by an attorney from Joseph & Kirschenbaum LLP, the law firm that represents her; (d) she fully understands that she is giving up important rights by entering into this Settlement Agreement; (e) she does not waive rights or claims that may arise after the date of her execution of this Settlement Agreement, including without limitation any rights or claims that she may have to secure enforcement of the terms and conditions of this Settlement Agreement; (f) she is legally competent to enter into this Settlement Agreement and to accept full responsibility therefore; (g) she has been advised to consult with counsel of her choice before entering into this Settlement Agreement and has, in fact, consulted with and been advised by the law firm Joseph & Kirschenbaum LLP; and (h) no fact, evidence, event or transaction currently unknown to her which hereafter may become known to her shall affect in any manner the final and unconditional nature of the release embodied herein.

10. To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Dated:    October 19, 2018

_____
Roslyn Ruddock

State of Virginia )
                  ) ss.:
County of Richmond )

On the 19th day of October, 2018 before me, the undersigned, personally appeared Roslyn Ruddock, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is subscribed to the within Settlement Agreement.

_____
Notary Public

JAROD CLAUDE WILSON
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES SEPT. 30, 2022
COMMISSION # 7781714

Dated: October 25, 2018

        ALL METRO HOME CARE SERVICES OF NEW YORK, INC. d/b/a ALL METRO HEALTH CARE and ALL METRO FIELD SERVICES WORKERS PAYROLL SERVICES CO.

By: _____